Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 191114-46785
DATE: June 30, 2021

ORDER

Entitlement to service connection for a headache disorder is granted.

FINDING OF FACT

The Veteran's headache disorder is etiologically related to service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a headache disorder have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 2008 to May 2009, October 2010 to October 2012, and from June 2013 to December 2014. He appeals a September 2019 rating decision denying entitlement to service connection for a headache disorder. The Veteran opted for a hearing before the Board and 90 days to submit additional evidence followed by Board review under the provisions of the Appeals Modernization Act. 38 C.F.R. § 20.202(b).

Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. §§ 3.303(a), 3.304, 3.307, 3.309, 3.310. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

1. Headaches

The Veteran contends that his headaches are related to active service. After a review of the evidence, the Board finds that service connection is warranted.

A review of the Veteran's service treatment records show treatment for ongoing headaches in October 2014. He reported "headaches at their worst past 2-3 months" with unknown triggers. At the time, the Veteran reported that he had suffered from headaches previously during active service but had chosen not to seek medical care. He was diagnosed with tension headaches in August 2019.

The Veteran's post-service medical records do not reveal significant treatment for headaches. Specifically, the only headache noted is from May 2019 and appears to be related to a transient illness; chest x-rays were ordered with no future associated treatment noted. On multiple occasions, the Veteran denied headaches when questioned by VA medical personnel. However, on each occasion the Veteran was seeking treatment for other conditions, not a headache disorder. He has asserted that his headaches are intermittent and treatable through over-the-counter (OTC) medications. Hence, he did not report headaches because he wasn't currently suffering from one and he hasn't sought treatment because OTC medications have been sufficient. In the end, the Veteran argues that he has suffered from headaches since active service and should not be penalized because the condition is not constant and is treatable with OTC medications. 

The Board finds the Veteran's statements regarding continuity of symptoms since service to be persuasive as he is competent to describe his ongoing symptoms, such as head pain, and his statements are credible in this regard. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Despite the lack of treatment records, the Veteran has credibly asserted that his headache pain began in service and that he has suffered from intermittent headaches ever since. Therefore, the Board finds that continuity of symptoms has been established.

As to nexus, the Veteran was afforded a VA examination in August 2019. The examiner determined that the Veteran's headache disorder was less likely than not related to active service. The sole rationale provided was that the Veteran had denied headaches on several occasions such that continuity could not be established. The Board observes however, that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006). In this case, the Veteran has competently reported the existence of continuing headaches since active service. The Board affords him the benefit of the doubt and finds that a nexus has been established. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

In summation, after resolving all doubt in the Veteran's favor, the Board finds the evidence weighs in his favor. Accordingly, service connection for a headache disorder is warranted and the claim is granted. The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303. 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Daniel Ballinger, Associate Counsel